

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Matthew J. Belgiovine
Assistant United States Attorney

402 E. State Street, Room 430
Trenton, New Jersey 08609

(973) 856-9179
Matthew.Belgiovine@usdoj.gov

MJB/PL AGR
2025R00370

August 21, 2025

William A. Proetta, Esq.
William Proetta Criminal Law
242 10th Street
Suite 103
Jersey City, NJ 07302

      Re:    <u>Plea Agreement with Natasha Rivas</u>

Dear Mr. Proetta:

    This letter sets forth the plea agreement between your client, Natasha Rivas ("Rivas"), and the United States Attorney's Office for the District of New Jersey ("this Office"). This letter supersedes all prior offers. This offer will expire on September 12, 2025, if it is not accepted in writing by that date. If Rivas does not accept this plea agreement, her sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Rivas to a one-count Information charging her with distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). If Rivas enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against her for producing, distributing, or possessing material containing child pornography between on or about April 2024 and January 2025.

    But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Rivas even if the applicable

statute of limitations period for those charges expires after Rivas signs this agreement, and Rivas agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 2252A(a)(2)(A) to which Rivas agrees to plead guilty in Count One of the Information carries a mandatory minimum prison sentence of five years, a maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to 18 U.S.C. § 2252A(b)(1), if the Court determines that Rivas has a prior conviction under Chapter 110, section 1591, Chapters 71, 109A, or 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, then the violation of 18 U.S.C. § 2252A(a)(2)(A) to which Rivas agrees to plead guilty instead carries a mandatory minimum sentence of 15 years' and a statutory maximum prison sentence of 40 years' imprisonment.

The sentence to be imposed upon Rivas is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Rivas ultimately will receive.

Further, in addition to imposing any other penalty on Rivas, the sentencing judge as part of the sentence:

(1) will order Rivas to pay an assessment of $100 per count ($100 total) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Rivas to pay restitution pursuant to 18 U.S.C. § 2259, including restitution of at least $3,000 per victim for any conduct occurring after December 7, 2018;

 (3) must order forfeiture, pursuant to 18 U.S.C. § 2253; and

 (4) pursuant to 18 U.S.C. § 3583 must require Rivas to serve a term of supervised release of at least five years and up to a maximum term of life on supervised release, which will begin at the expiration of any term of imprisonment imposed.

In addition, pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, upon conviction, unless the sentencing court finds the defendant to be indigent, an additional mandatory special assessment of $5,000 must also be imposed.

In addition, pursuant to 18 U.S.C. § 2259A, the court shall assess: (1) not more than $17,000 on any person convicted of an offense under section 2252(a)(4) or 2252A(a)(5), (2) not more than $35,000 on any person convicted of any other offense for trafficking in child pornography; and (3) not more than $50,000 on any person convicted of a child pornography production offense.

Violations of Supervised Release

Should Rivas while on supervised release violate any of the conditions of supervised release before the expiration of its term, Rivas may be sentenced to not more than two years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

However, pursuant to 18 U.S.C. § 3583(k), should Rivas while on supervised release be found, in a manner that satisfies United States v. Haymond, 139 S. Ct. 2369 (2019), to have committed an offense in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than one year can be imposed, Rivas must be sentenced to at least five years' imprisonment and up to a maximum term of life in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, and 18 U.S.C. § 2259, Rivas agrees to make full restitution to all minor

victims of her offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of her minor victims, for the entire scope of her criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

Forfeiture

As part of Rivas's acceptance of responsibility, pursuant to 18 U.S.C. § 2253, Rivas agrees to forfeit to the United States all of her right, title, and interest in (1) all computer and computer accessories seized on or about January 22, 2023 on which law enforcement discovered visual depictions described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, and 2260; (2) all visual depictions described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, and 2260 that were produced, transported, shipped, or received in violation of chapter 109A of Title 18, United States Code; (3) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in the Information; and (4) all property, real and personal, used or intended to be used to commit or to promote the commission of the offense charged in the Information, and all property traceable to such property (the "Forfeitable Property").

Rivas waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Rivas consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. Rivas understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Rivas further understands that she has no right to demand that any forfeiture of her assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. Rivas waives all constitutional, statutory, and other

challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

Rivas also consents to the administrative and/or civil judicial forfeiture of the Forfeitable Property pursuant to 18 U.S.C. § 984. Rivas agrees that she will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Forfeitable Property and will not cause or assist anyone else in doing so. To the extent Rivas has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Forfeitable Property, such claims or petitions are deemed withdrawn. Rivas further agrees to take all necessary steps to pass clear title to the Forfeitable Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

Rivas further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of her right, title, and interest in the Forfeitable Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Rivas by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Rivas's activities and relevant conduct with respect to this case.

Stipulations

This Office and Rivas will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these

5

stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A and the paragraph below, this Office and Rivas waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

<u>Immigration Consequences</u>

Rivas understands that, if she is not a citizen of the United States, her guilty plea to the charged offenses will likely result in Rivas being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. Rivas understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Rivas wants and agrees to plead guilty to the charged offense/offenses regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. Rivas understands that she is bound by this guilty plea regardless of any immigration consequences. Accordingly, Rivas waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Rivas also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Registration Consequences

Rivas understands that her guilty plea to the charged offense will likely result in a requirement that she register as a sex offender under federal and state law, and she will be subject to the registration law's requirements and penalties. Rivas wants and agrees to plead guilty to the charged offense regardless of any registration consequences of that plea. Rivas understands that she is bound by her guilty plea regardless of any registration consequences of the plea.

Accordingly, Rivas waives any and all challenges to her guilty plea and to her sentence based on any registration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any registration consequences of her guilty plea.

Adam Walsh Child Protection and Safety Act

Rivas has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, she must register and keep the registration current in each of the following jurisdictions: where Rivas resides; where she is an employee; and where she is a student. Rivas understands that the requirements for registration include providing her name, her social security number, the address of any place where she resides or will reside, the names and addresses of any places where she is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information.

Rivas further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which she resides, is an employee, or is a student not later than three business days after any change of her name, residence, employment, or student status. Rivas has been advised, and understands, that failure to comply with these obligations subjects her to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of ten years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offenses; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offenses.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Rivas. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Rivas from pursuing in an appropriate forum, when permitted by law, a claim that she received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Rivas and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

TODD W. BLANCHE
United States Deputy Attorney
    General

ALINA HABBA
Acting United States Attorney
Special Attorney


/s/ Matthew J. Belgiovine
By: Matthew J. Belgiovine
    Assistant U.S. Attorney

APPROVED:

*Martha K. Nye*
Martha K. Nye
Assistant U.S. Attorney
Attorney-in-Charge
Trenton Branch Office

8

I have received this letter from my attorney, William Proetta, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration and registration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 9/11/25
Natasha Rivas


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration and registration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 9/11/25
William Proetta, Esq.
Counsel for Defendant

9

<u>Plea Agreement with Natasha Rivas</u>
<u>Schedule A</u>

1. This Office and Natasha Rivas ("Rivas") agree to stipulate to the following facts:

   (a) Between in or around April 2024 and in or around December 2024, Rivas produced, or facilitated the production of, approximately six images and five videos depicting sexually explicit conduct, as defined by 18 U.S.C. § 2256, of Minor Victims-1 and -2 (the "Victim CSAM"), including at least two images that Rivas produced in or around Ridgefield Park, New Jersey.

   (b) Rivas produced, or facilitated the production of, the Victim CSAM knowing and having reason to know that it would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, and in fact Rivas later transported or transmitted the Victim CSAM using any means or facility of interstate or foreign commerce.

   (c) Between in or around April 2024 and December 2024, Rivas used Kik, an online social media platform, to send the Victim CSAM to or receive the Victim CSAM from Scott Graham for their mutual sexual gratification.

   (d) Each of Minor Victims-1 and -2 were younger than 12 years old at the time that Rivas produced, or facilitated the production of, the Victim CSAM.

   (e) Rivas knew that each of Minor Victims-1 and -2 were younger than 12 years old at the time that Rivas produced, or facilitated the production of, the Victim CSAM.

2. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3. The parties agree that a sentence of between 108 and 144 months of imprisonment, plus a term of supervised release of ten years (the "Stipulated Range") for the charge contained in the Information is reasonable under 18 U.S.C. § 3553(a). Neither party will argue for a sentence below or above the Stipulated Range. The parties recognize, however, that the Stipulated Range will not bind the sentencing court.

4. If the term of imprisonment imposed is at or below the Stipulated Range, and except as specified in the next paragraph below, Rivas will not challenge or seek to reduce by any means any component of the sentence

imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment imposed is at or above the Stipulated Range, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge.

5. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a) Any proceeding to revoke the term of supervised release.

(b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).